**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **JACKIE CLARK** | **PLAINTIFF** |
| **VS.**   **4:06CV00009-WRW** | |
| **ACTION TRANSPORT, INC.** | **DEFENDANT** |
| **ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT and PUBLIC EMPLOYEE CLAIMS DIVISION** | **INTERVENORS** |

<u>**ORDER**</u>

Pending is Plaintiff's Motion to Compel Defendant to allow Plaintiff's expert to review the contents of the data recorder located in the vehicle involved in the accident, which is the subject of this cause of action. In response, Defendants maintain that Ark. Code Ann. § 27-37-103 protects them from having to release the data recorder.

As is oft repeated in Attorney General Opinions, the legislation does not carry an emergency clause or a specified effective date. Acts of the General Assembly with no emergency clause or specified effective date become effective ninety days after adjournment of the session at which they were enacted.[1] This rule stems from Amendment 7 of the Arkansas Constitution, which gives the people "ninety days after the final adjournment of the session" to file referendum petitions. The day of adjournment is not counted, as it is not a full day during which petitions may be filed.

The 85th General Assembly adjourned *sine die* on May 13, 2005.[2] Starting with the first full day after adjournment, and counting ninety full days, acts with no emergency clause or specified effective date become effective on the ninety-first day, which in this case is August 12, 2005.

---

[1] *Fulkerson v. Refunding Board*, 201 Ark. 957, 147 S.W.2d 980 (1941).

[2] Op. Att'y Gen. #2005-110.

The Defendant is hereby ORDERED to allow Plaintiff's expert witness to review the contents of the data recorder contained in the Defendant's vehicle involved in the accident, which is the subject of this lawsuit.

IT IS SO ORDERED this 22nd day of August, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE